UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:09-cv-1274-Orl-28KRS

WILLIAM WYATT, MICHAEL WYATT,
and DOUGLAS WASHBURN,

    Plaintiffs,

v.

X-TREME BUILDING CONTRACTORS
INC., a Florida corporation, MATHEW
P. APPELL, and PATRICIA A. APPELL,

    Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMANDED

Plaintiffs, WILLIAM WYATT, ("W. WYATT"), MICHAEL WYATT, ('M. WYATT"), and DOUGLAS WASHBURN, ("WASHBURN"), by and through their undersigned attorney, sues the Defendants, X-TREME BUILDING CONTRACTORS, INC., a Florida corporation, (hereinafter "X-TREME"), and MATHEW P. APPELL, (hereinafter "M. APPELL"), and PATRICIA A. APPELL (hereinafter "P. APPELL"), and state as follows:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime wages and to redress the deprivation of rights secured to Plaintiffs by the Fair

Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

## VENUE

3. The venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida;

   b. At all times material hereto, Defendants were and continue to be a Florida corporation and individuals doing business within this judicial district.

   c. Defendants employed Plaintiffs in the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiffs, W. WYATT, M. WYATT and WASHBURN were and continue to be residents of Sumter County, Marion County, and Marion County, Florida, respectively, in the Middle District of Florida, and were "employee [s]" of the Defendants within the meaning of the FLSA.

5. X-TREME was, and continues to be, a Florida corporation engaged in the transaction of business in Longwood, Seminole County, Florida, with its principal place of business in that city.

6. At all times material hereto, Defendants, X-TREME, M. APPEL, and P. APPELL were in the construction business.

7. At all times material hereto, Defendants conducted substantial and continuous business in the Middle District of Florida.

8. At all times material hereto, Defendants were the employers of Plaintiffs.

9. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

10. At all times material hereto, Defendants, M. APPELL and P. APPELL were supervisors and/or manager/directors who oversaw the work of the Plaintiffs and were involved in the day-to-day operations of the Defendant company.

11. Defendants, M. APPELL, and P. APPELL were directly involved in decisions affecting employee compensation and /or hours worked by the Plaintiffs.

12. At all times material hereto, X-TREME was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. The Plaintiff, W. WYATT was employed by Defendants from in or about August 2006 through December 23, 2008.

15. While employed by Defendants, W. WYATT worked as a construction worker.

16. During Plaintiff, M. WYATT's employment with the Defendants, he was paid an hourly rate of $16.50 per hour.

17. The Plaintiff, M. WYATT was employed by the Defendants from in or about June 2008 to in or about December 2008.

18. While employed by Defendants, Plaintiff, M. WYATT worked as a carpenter.

19. During Plaintiff, M. WYATT's employment with the Defendants, he was paid a daily rate of $120.00 per day.

20. The Plaintiff, WASHBURN was employed by the Defendants from in or about June 2007 to in or about December 2008.

21. While employed by Defendants, Plaintiff, WASHBURN worked as a carpenter.

22. During Plaintiff, WASHBURN's employment with the Defendants, he was paid a daily rate of $112.00 per day.

23. Plaintiffs have retained Bober & Bober, P.A. to represent them, in this action and are obligated to pay to said attorneys reasonable attorney's fees and costs.

## STATEMENT OF CLAIM

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiffs repeat and reallege Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiffs' employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiffs' employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours. Plaintiffs were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when they knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

30. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful acts of the Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

   a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiffs overtime compensation in the amount calculated;

   c. Awarding Plaintiffs liquidated damages in the amount calculated;

   d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiffs post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: July 21, 2009.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorney for Plaintiffs
2500 Hollywood Boulevard
Suite 411
Hollywood, FL 33020
(954) 922-2298 (phone)
(954) 922-5455 (fax)
peter@boberlaw.com
samara@boberlaw.com

By: _____
PETER BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248