# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM WYATT, MICHAEL WYATT,
 and DOUGLAS WASHBURN,

Plaintiff,

-vs-                                             Case No.  6:09-cv-1274-Orl-28GJK

X-TREME BUILDING CONTRACTORS,
INC., MATHEW P. APPELL, and PATRICIA
APPELL,

Defendants.
_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR WRIT OF EXECUTION AND BREAK ORDER** (Doc. No. 42) |
| **FILED:** | **February 25, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** and the Clerk be directed to issue the writ.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR ADDITIONAL TIME TO RESPONSE [SIC] TO PLAINTIFFS' MOTION FOR WRIT OF EXECUTION AND BREAK ORDER AND FOR CLARIFICATION** (Doc. No. 43) |
| **FILED:** | **March 6, 2011** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR WRIT OF EXECUTION (OF JUDGMENT)** (Doc. No. 45) |
| **FILED:** | **March 14, 2011** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO SET ASIDE JUDGMENT** (Doc. No. 47) |
| **FILED:** | **April 6, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

I.   <u>BACKGROUND.</u>

On July 22, 2009, William Wyatt, Michael Wyatt, and Douglas Washburn (collectively, the "Plaintiffs") filed a complaint (the "Complaint") alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA") against X-treme Building Contractors Inc., Mathew P. Appell, and Patricia A. Appell (collectively, the "Defendants").  Doc. No. 1.  On June 4, 2010, the parties filed a Joint Notice of Settlement, stating that the case had settled and

the parties would be filing a joint motion to approve the settlement agreement and dismiss the case with prejudice.  Doc. No. 30.  However, the parties never filed a joint motion for approval of the settlement agreement.

On July 10, 2010, Plaintiffs filed a Motion to Enforce Settlement. Doc. No. 32.  On October 8, 2010, the Court entered an order granting the Motion to Enforce Settlement.  Doc. No. 35.  The Court found that the following email constituted a binding settlement between the parties and was a fair and reasonable resolution of Plaintiffs' FLSA claims:

> This will confirm we have settled the above case.  The defendants have agreed to pay Plaintiff's reduced attorneys fees in the amount of $9,100.00.
>
> Additionally, the defendants will pay William Wyatt $10,500; Michael Wyatt $1800, and Doug Washburn $4000.
>
> The Total Settlement is $25,400.00.
>
> The money will be paid in separate checks over a period of 6 months.  The funds shall be delivered to our offices on the following schedule:
>
> The first gross installment will be by July 5, 2010, in the amount of $3000.00 (we will get you a breakdown);
>
> The second installment will be by August 5, 2010 in the amount of $4233.33; The third installment will be by September 7, 2010 in the amount of $4233.33.  The fourth installment will be by October 5, 2010 in the amount of $4233.33.  The fifth installment will be by November 5, 2010 in the amount of $4233.33.  The sixth installment will be by December 6, 2010 in the amount of $5,466.68.
>
> Because Plaintiffs are compromising their claim, the parties agree that in the event of untimely payment installment, the Plaintiff shall be entitled to a liquidated amount equal to 10% of the . . . particular untimely payment.  Notwithstanding the forgoing, if the $25,400 is not fully paid by December 6, 2010, Defendants shall

3

> pay toward Plaintiffs and their attorneys an additional $10,000.00
> due to the compromise of the claims.

Doc. Nos. 32-1 at 1-2; 35 at ¶ 3.  The Court also found that due to the Defendants' failure to comply with the terms of the settlement agreement, Plaintiffs were entitled to the liquidated penalty for the July payment term ($300.00).  Doc. No. 35 at ¶ 4.  The Court directed the parties to engage in a good faith attempt to resolve any outstanding issues regarding the August 5, 2010 and September 7, 2010 payments and to file a status report within fourteen (14) days.  *Id*. at ¶ 5.

Although Defendants did remit $1,200.00 to Plaintiffs, representing $200.00 for Michael Wyatt, $500.00 for Douglas Washburn, and $500.00 to Plaintiffs' counsel, the parties were unable to resolve the outstanding issues.  *See* Doc. Nos. 36-38, 39 at 3, 47-2 at 1-3.  Defendants stated that they "remain committed to making full payments," but an Internal Revenue Service ("IRS") tax levy against William Wyatt prevented Defendants from fully complying with the terms of the settlement agreement.  Doc. No. 36 at 1-2.  On December 8, 2010, Plaintiffs filed a Motion for Entry of Final Judgment Against Defendants (the "Motion for Judgment").

In the Motion for Judgment, Plaintiffs assert they are entitled to judgment, based on the settlement agreement, for a total of $24,400.00, representing: $4,000.00 to Douglas Washburn; $1,800.00 to Michael Wyatt; $10,500.00 to William Wyatt; and $9,100.00 to Plaintiffs' counsel. Doc. No. 39 at 3.  Because Defendants failed to make any timely payments or pay the entire settlement amount by December 6, 2010, Plaintiffs asserted that they were entitled to the following additional amounts: $10,000.00 for failing to complete payments by December 6, 2010; $300.00 for 10% of the unpaid July installment; $423.33 for 10% of the unpaid August installment; $423.33 for 10% of the unpaid September installment; $423.33 for 10% of the unpaid October installment; $423.33 for 10% of the unpaid November installment; and $546.66

4

for 10% of the unpaid December installment. Doc. 39 at 4. Plaintiffs also sought an additional $1,000.00 in attorneys' fees under the settlement agreement for preparing the Motion to Enforce the Settlement Agreement and the Motion for Judgment. Doc. No. 39 at 5-6. After subtracting the $1,200.00 in payments made by Defendants, as set forth in the table below, Plaintiffs request a final judgment totalling $37,739.98:

| Payee | Amount | Late Penalty | Dec. 6 Penalty | Payment | Att Fees | Total |
|-------|--------|--------------|----------------|---------|----------|-------|
| M. Wyatt | $1,800.00 | $846.66 | $2,500.00 | ($200.00) | | $4,946.66 |
| D. Washburn | $4,000.00 | $846.66 | $2,500.00 | ($500.00) | | $6,846.66 |
| W. Wyatt | $10,500.00 | $846.66 | $2,500.00 | | | $13,846.66 |
| Counsel | $9,100.00 | | $2,500.00 | ($500.00) | $1,000.00 | $12,100.00 |
| **TOTAL** | | | | | | **$37,739.98** |

Defendants did not respond to the Motion for Judgment. On January 4, 2011, the Court entered judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the following amounts: $4,946.66 to Michael Wyatt; $6,846.66 to Douglas Washburn; $13,846.66 to William Wyatt; and $12,100.00 to Plaintiffs' counsel. Doc. No. 41.

On February 25, 2011, Plaintiffs filed a Motion for Writ of Execution and Break Order (the "Motion for Writ of Execution"). Doc. No. 42. On March 7, 2011, Defendants filed a Motion for Additional time to Respond to Plaintiffs' Motion for Writ of Execution (the "Motion for Extension of Time"). Doc. No. 43. In the Motion for Extension of Time, Defendants state they need additional time to respond to the Motion for Writ of Execution because, due to the IRS levy against William Wyatt, they are unsure whether to direct their payment for William Wyatt

to the IRS or to William Wyatt.  Doc. No. 43 at 2.  On March 7, 2011, Plaintiffs filed a response to the Motion for Extension of Time arguing that the motion is frivolous because Defendants were aware of the tax levy prior to Plaintiffs' Motion for Judgment, but they failed to file a response.  Doc. No. 44 at 1-2.  Moreover, Plaintiffs' counsel states that he "has repeatedly told [Defendants' counsel] that . . . William Wyatt has no problem with the Defendants sending funds to the [IRS]."  Doc. No. 44 at 2 (emphasis removed).  Plaintiffs request an additional $200.00 in attorneys' fees from Defendants and their counsel for preparing the response.  Doc. No. 44 at 3.

On March 14, 2011, Defendants filed a Motion for Leave to File a Reply to Plaintiffs' Response (the "Motion for Leave to File Reply").  Doc. No. 45.  Defendants state that they need to file a reply to "address some of the statements made in Plaintiffs' [response]."  Doc. No. 45 at 2.  On March 15, 2011, Plaintiffs filed a response arguing that Defendants failed to demonstrate good cause for leave to file a reply.  Doc. No. 46 at 1-2.

On April 6, 2011, Defendants filed a Motion to Set Aside Judgment (the "Motion to Set Aside").  Defendants state that the judgment is "incorrect" because it directs Defendants to make payments in the amount of $13,846.66 to William Wyatt, but the IRS tax levy directs that any payments made on William Wyatt's behalf be directed to the IRS.  Doc. No. 47 at 2-3. Defendants maintain that directing any payment to William Wyatt would violate the tax levy.  *Id*. Defendants also assert that the judgment should not contain any penalties for late payments to William Wyatt because the IRS has agreed that no interest or penalties are due.  Doc. No. 47 at 2.  Defendants acknowledge that William Wyatt agreed that Defendants could send the amount owed to him under the judgment to the IRS, but they state that such payments "would violate the terms of the judgment."  Doc. No. 47 at 3.  Finally, Defendants maintain that the judgment is

6

erroneous because it fails to reflect the payments previously made to Michael Wyatt and Douglas Washburn.  Doc. No. 47 at 3.

On April 11, 2011, Plaintiffs filed a response to the Motion to Set Aside arguing that the motion should be denied because Defendants have failed to articulate any legitimate reasons or legal authority to set aside the judgment.  Doc. No. 48 at 1-6.  Plaintiffs state that "William Wyatt has no problem with the Defendants simply remitting his money directly to the IRS." Doc. No. 48 at 3.  Thus, Plaintiffs request that the Motion be denied. *Id*.  In the response, Plaintiffs also request that the Court award them an additional $1,050.00 in attorneys' fees for time spent responding to the Motion to Set Aside. Doc. No. 48 at 6.

## II.   <u>ANALYSIS</u>.

Defendants' Motion for Extension of Time (Doc. No. 43) and Motion for Leave to File Reply (Doc. No. 45) are denied for failing to demonstrate good cause for an extension of time or to file a reply.  Plaintiffs' requests for additional attorneys' fees (Doc. Nos. 44 at 3, 48 at 6) are denied because it is inappropriate to request affirmative relief in a response and for failing to comply with Local Rules 3.01(a) and (g).

As to the Motion to Set Aside, Rule 60(b), Federal Rules of Civil Procedure, provides:

> On motion and just terms, the court may relief a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

7

> (5) the judgment has been satisfied, released or discharged; it is
>     based on an earlier judgment that has been reversed or vacated;
>     or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Id*.  In this case, Defendants request that the Court set aside the judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure.  Doc. No. 47 at 4 (requesting that the Court set aside the judgment in "the furtherance of justice").  Setting aside a judgment pursuant to Rule 60(b)(6) is an extraordinary remedy, which should only be invoked for exceptional circumstances. *Booker v. Singletary*, 90 F.3d 440, 422 (11th Cir. 1996) (extraordinary remedy); *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986) (requiring exceptional circumstances).

The Defendants maintain that the judgment is erroneous because it fails to incorporate the $1,200.00 in payments made by the Defendants prior to the entry of judgment.  Doc. No. 47 at 3. To the contrary, as set forth in the table above, the judgment includes a credit for those payments.  *See also* Doc. No. 41.  As for the tax levy, Defendants were aware of the tax levy prior to Plaintiffs Motion for Judgment, but Defendants failed to file a response to that motion. *See* Doc. No. 47 at ¶ 3 (stating Defendants received tax levy in September 2010).  Moreover, Plaintiffs have repeatedly informed Defendants that they may remit William Wyatt's damages directly to the IRS.  *See* Doc. Nos. 44 at 2, 47 at ¶ 9, 48 at 3.  Thus, Defendants have failed to demonstrate good cause, let alone exceptional circumstances, which would warrant setting aside the judgment.  Accordingly, it is recommended that the Court deny the Motion to Set Aside and grant the Motion for Writ of Execution.

### III.    <u>CONCLUSION</u>.

Based on the forgoing, it is hereby **ORDERED** that:

1.  Defendants' Motion for Extension of Time (Doc. No. 43) is **DENIED**;

2.  Defendants' Motion for Leave to File Reply (Doc. No. 45) is **DENIED**;

3.  Plaintiffs' requests for additional attorneys' fees are **DENIED**.

Furthermore, it is **RECOMMENDED THAT THE COURT**:

1.  **GRANT** the Motion for Writ of Execution (Doc. No. 42): and

2.  **DENY** the Motion to Set Aside (Doc. No. 47).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal

**Ordered and Recommended** in Orlando, Florida on May 26, 2011.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Counsel of Record

9